**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-14061-CR-GRAHAM/LYNCH**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**LEONARD ADDISON PARKS, JR.,**

    **Defendant.**

_____/



**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**ADMISSIONS TO VIOLATIONS AS SET FORTH**
<u>**IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE**</u>

**THIS CAUSE** having come on to be heard for a preliminary hearing and final evidentiary hearing on September 17, 2014, in respect to the pending Petition Alleging Violations of Supervised Release and this Court having conducted a hearing, this Court recommends to the District Court as follows:

1.    The Defendant appeared before this Court on September 17, 2014, for a preliminary hearing and final evidentiary hearing in respect to a Petition Alleging Violations of Supervised Release alleging the following violations:

| <u>**Violation Number 1**</u> | <u>**Violation of Standard Condition**</u>, by associating with a person who is a convicted felon without permission of the U.S. Probation Officer. On or about July 29, 2014 and August 2, 2014, the defendant knowingly associated with Salvador Pascual Aguirre, Hispanic/male, date of birth August 24, 1984, convicted in the United States District Court, Southern District of Florida, on January 8, 2008, Docket Number of 07-14061-CR-GRAHAM, of receipt of child pornography, and sentenced to 36 months custody of the United States Bureau of Prisons followed by a 10 year term of supervised release. |
| --- | --- |

**Violation Number 2**      **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.  On or about July 29, 2014, the defendant was questioned by Deputy Sheriff Mark Diapoules, Martin County Sheriff's Office, Indiantown, Martin County, Florida, and he failed to advise the U.S. Probation Officer.

**Violation Number 3**      **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.  On or about August 2, 2014, the defendant was questioned by Deputy Sheriff Martha Williams, Martin County Sheriff's Office, Indiantown, Martin County, Florida, and he failed to advise the U.S. Probation Officer.

**Violation Number 4**      **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report.  The defendant's July 2014 Monthly Supervision Report contained false information regarding being questioned by law enforcement, the defendant checked no, when in fact, evidence and statements as noted by reports from the Martin County Sheriff's Office dated August 7, 2014 and the defendant's admission to this officer on August 4, 2014, indicated this to be false.

**Violation Number 5**      **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report. The defendant's July 2014 Monthly Supervision Report contained false information regarding having contact with anyone having a criminal record, the defendant checked no, when in fact, evidence and statements as noted by reports from the Martin County Sheriff's Office dated August 7, 2014, and the defendant's admission to this officer on August 4, 2014, indicated this to be false.

2.      After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 through 5 inclusive, as set forth in the Petition.  This Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations.  Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3.      The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 through 5 inclusive of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1, 2, 3, 4 and 5 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of September, 2014, at Fort Pierce,

Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Russell Killinger
W. Grey Tesh, Esq.
U. S. Probation
U. S. Marshal